# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 24-1759

———————————————

United States of America

*Plaintiff - Appellee*

v.

Roberto Esquivias-Sandoval, also known as Luis Manuel Zamora Briseno, also known as Pedro Esquivias

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Southern District of Iowa - Eastern

————————

Submitted: December 18, 2024
Filed: December 23, 2024
[Unpublished]

————————

Before LOKEN, SHEPHERD, and STRAS, Circuit Judges.

————————

PER CURIAM.

After pleading guilty to illegally reentering the United States and conspiring to distribute controlled substances, Roberto Esquivias-Sandoval received a 158-month prison sentence. *See* 8 U.S.C. § 1326(a), (b)(2); 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)(II), (viii), (B)(vi), 846. An *Anders* brief suggests he should not have

received a drug-premises enhancement or a lengthy sentence. *See Anders v. California*, 386 U.S. 738 (1967).

We conclude otherwise. Evidence of drug sales at Esquivias-Sandoval's home supported the finding that he "maintained a premises for the purposes of . . . distributing . . . controlled substance[s]." U.S.S.G. § 2D1.1(b)(12); *see United States v. Armstrong*, 60 F.4th 1151, 1169 (8th Cir. 2023); *see also United States v. Sykes*, 854 F.3d 457, 459, 461 (8th Cir. 2017) (holding that a handful of sales, plus circumstantial evidence like cash and packaging materials, was enough). Then, based on that finding, the district court[1] calculated the advisory range, selected a sentence, and explained its reasoning. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (reviewing the reasonableness of a sentence for an abuse of discretion). In doing so, it sufficiently considered the statutory sentencing factors, 18 U.S.C. § 3553(a), and did not rely on an improper factor or commit a clear error of judgment. *See United States v. Noriega*, 35 F.4th 643, 652 (8th Cir. 2022) (stating that "reversal is not appropriate simply because the district court did not weigh the § 3553(a) factors as [the defendant] preferred").

We have also independently reviewed the record and conclude that no other non-frivolous issues exist. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988). We accordingly affirm the judgment of the district court and grant counsel permission to withdraw.

_____

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.